UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRIK S., <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | No. 2:26-cv-00049-TLN-CSK <br><br> **ORDER** |

This matter is before the Court on an order to show cause why a preliminary injunction should not issue (ECF No. 4) after granting Petitioner Amrik S.'s ("Petitioner") underlying Motion for Temporary Restraining Order ("TRO") (ECF No. 2).  Respondents filed a response and waived a hearing. (ECF No. 7.)  For the reasons set forth below, the Court issues a preliminary injunction.

### I.     FACTUAL BACKGROUND

Petitioner is a citizen of India and an asylum applicant in the United States. (ECF No. 2 at 2.)  Petitioner entered the United States without inspection on April 30, 2023 and was detained by immigration authorities. (*See id.*)  He was then released on May 1, 2023 to pursue his asylum

1

claim. (*Id.*) Petitioner's asylum application is still pending. (*Id.*)

Petitioner asserts (and Respondents do not dispute) that he complied with his required check-ins with U.S. Immigration and Customs Enforcement ("ICE"). (*Id.*; *see* ECF No. 7.) Nevertheless, at an ICE check-in on September 29, 2025, Petitioner was detained without notice, warrant, or hearing. (ECF No. 2 at 2.) While in custody, Petitioner was denied a bond hearing by an immigration judge. (*Id.*) Petitioner was detained for over three months without an opportunity to be heard. (*Id.*)

Petitioner challenged the lawfulness of his civil detention through a petition for writ of habeas corpus and a motion for TRO. (ECF Nos. 1, 2). On January 9, 2026, the Court granted a TRO ordering Petitioner's immediate release from detention. (ECF No. 4.) Respondents state that Petitioner was released the same day. (ECF No. 7 at 1.) Now the Court determines whether the relief granted in the TRO should continue as a preliminary injunction.

## II.   STANDARD OF LAW

For a preliminary injunction, courts consider whether a petitioner has established "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction. *Id.* at 1134–35.

///

2

///

### III.   ANALYSIS

This Court has already found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO.  (ECF No. 4.)  Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and need not duplicate its analysis here.

Respondents oppose a preliminary injunction.  (ECF No. 4.)  Their opposition is based on their conclusion that the U.S. Department of Homeland Security (DHS) "maintains that [its] July Policy [to mandatorily detain noncitizens] is correct and is lawful."[1]  (ECF No. 7 at 1.)  Respondents also acknowledge that this Court, and courts nationwide, have repeatedly found DHS's July Policy unlawful, but they submit no additional legal argument, case law, or distinguishable facts to warrant reconsideration of this Court's position.  (*Id.* at 2.)  Thus, the Court does not alter its analysis and findings from the TRO.  (ECF No. 4.)  Petitioner has established a likelihood of success on his claims that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.  (*Id.*)

Additionally, Respondents seek an extended 180-day briefing schedule on the habeas petition in anticipation of a Ninth Circuit ruling bearing on DHS's July Policy. *See Rodriguez Vazquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025).  (ECF No. 7 at 2.)  Petitioner objects to the proposed lengthy briefing period, arguing that he has "an interest in a resolution of this matter within a reasonable period of time" and that substantial delay "would have a negative effect on judicial economy and would prejudice Petitioner."  (ECF No. 8 at 1.)  The Court agrees with Petitioner.  As this Court has repeatedly noted, where the Court finds Petitioner is likely to

---

[1]  Until DHS changed its policy in July 2025 ("DHS's July Policy"), the Government consistently applied 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.  Under the INA, 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" and does not provide for a bond hearing, while 8 U.S.C § 1226(a) affords certain due processes, including the right to a bond hearing.

succeed on the merits of his claims, it will not delay issuing Petitioner relief on the prospective chance a pending appeal could change the outcome of one claim in the case. Thus, Respondents' request for a 180-day briefing schedule on the habeas petition is denied. The U.S. Magistrate Judge will issue a more expedient briefing schedule.

Therefore, to prevent further irreparable harm, the Court issues a preliminary injunction as set forth below

### IV. CONCLUSION

IT IS HEREBY ORDERED:

1. Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.
2. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.
3. Respondents' request for a 180-day briefing schedule on the habeas petition is DENIED.
4. This matter is referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: January 19, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE