UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRIK S. (A-246-995-340), | Case No. 2:26-cv-00049-TLN-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner Amrik S. (A-246-995-340), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority. (Id. (claims one and two).) For the following reasons, this Court recommends that the petition be granted.

## I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.      DISCUSSION[1]**

On January 8, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 9, 2026, the district court granted petitioner's motion for a temporary restraining order without requiring a response from respondents.  (ECF No. 4.)  In the January 9, 2026 order, the district court found that petitioner entered the United States without inspection on April 30, 2023 and was detained by immigration authorities.  (Id. at 2.)  Petitioner was released on May 1, 2023 to pursue his asylum claim, which is still pending. (Id.)  On September 29, 2025, petitioner was re-detained by immigration officials without notice, warrant or a hearing.  (Id.)  Citing the district court's decision in Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025), the district court found that petitioner was likely to succeed on the merits of his claim that respondents violated the Immigration and Nationality Act ("INA") by subjecting petitioner to mandatory detention without a hearing.  (Id. at 3-4.)  The district court further found that petitioner was likely to succeed on the merits of his due process claim because respondents failed to provide petitioner with notice and a hearing to determine whether his re-detention was warranted.  (Id. at 5-8.)  Citing cases including Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *6 (N.D. Sept. 12, 2025) and Doe v. Becerra, 787 F. Supp. 3d 1083 1093 (E.D. Cal. 2025), the district court found that petitioner had a liberty interest in remaining out of custody following his release from custody.  (Id. at 5-6.)  Applying the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), the district court found that under the

---

[1]  The factual background previously presented in the district judge's January 9, 2026 order is incorporated herein.  (See ECF No. 4.)

2

Fifth Amendment Due Process Clause, petitioner was entitled to notice and a hearing to determine whether his detention was warranted, neither of which petitioner received. (Id. at 6-8.) In addition to granting petitioner's immediate release without any additional restrictions on petitioner, unless such restrictions were determined to be necessary at a future pre-deprivation/custody hearing, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) respondents show material changed circumstances demonstrate a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk. (Id. at 9.) At such hearing, petitioner shall be allowed to have counsel present. (Id.) The district court ordered respondents to show cause why the court should not issue a preliminary injunction continuing this order. (Id.)

On January 16, 2026, respondents filed a response to the order to show cause, arguing that petitioner was an "applicant for admission" within the meaning of 8 U.S.C. § 1225 and not eligible for a bond hearing. ((ECF No. 7 at 1-2.) On January 19, 2026, the district court issued a preliminary injunction on the same grounds and terms as the temporary restraining order was issued. (ECF No. 10.) The district court referred this matter to the United States Magistrate Judge for further proceedings. (Id.)

This Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition. (ECF No. 14.) Respondents informed the Court that no additional briefing was needed by respondents. (ECF No. 15.) Petitioner did not submit additional briefing. (See Docket.) Briefing is closed.

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's statutory and Fifth Amendment rights by re-detaining him and continuing to detain him without a hearing. See Morales-Flores, 2025 WL 3552841 at *3;

3

Salcedo Aceros, 2025 WL 2637503, at *6; Doe, 787 F. Supp. 3d at 1093; Mathews, 424 U.S. at 335. As the district court explained in Morales-Flores, respondents' contention that § 1225 applies to noncitizens who have been present in the United States for a meaningful period of time is unavailing because of the weight of authority rejecting such a broad reading of § 1225. See 1/9/2026 Order at 3-4; Morales-Flores, 2025 WL 3552841, at *3. As the district court explained, petitioner has established a protectable liberty interest under the Fifth Amendment Due Process Clause. See 1/9/2026 Order at 5-6; Salcedo Aceros, 2025 WL 2637503, at *6 ("Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody."); Doe, 787 F. Supp. 3d at 1093 (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest.) Applying the three factors set forth in Mathews, petitioner was entitled to notice and a bond hearing under the Fifth Amendment Due Process Clause, which he did not receive. See 1/09/2026 Order at 6-8, Mathews, 424 U.S. at 335. This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.

**III.   CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Amrik S. (A-246-995-340) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under

different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

      3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 18, 2026

_____

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Amr49.157/2

5